**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| R.D., | : | Civil Action No. 22-3591 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff R.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning December 22, 2015. A hearing was held before ALJ Peter R. Lee (the "ALJ") on April 14, 2021, and the ALJ issued an unfavorable decision on April 29, 2021. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of April 29, 2021, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional limitations. At step four, the ALJ also found that this residual functional capacity allowed Plaintiff to perform her past relevant work as a food service worker. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded based on several arguments, but this Court need only reach the challenges to the RFC determination at step four, which succeed. In short, Plaintiff points to the treating physician rule in Third Circuit law (applicable to claims made prior to March 27, 2017), and questions how the opinion of one agency reviewer, who neither examined the claimant nor saw several years' worth of medical records, constitutes substantial evidence in support of the RFC determination, whereas the treating physicians all found limitations incompatible with the performance of light work. In short, the Court agrees with Plaintiff.

The Third Circuit used to apply the "treating physician rule" in Social Security appeal cases. The rules for weighing physician opinions, however, were radically revised by 20 C.F.R. § 404.1520c, which not only gives no preferential treatment to the opinions of treating physicians, but also states that no specific evidentiary weight is given to opinions from any physician. This is a major change from preexisting Third Circuit law, but this new Regulation is effective only for Social Security claims filed on or after March 27, 2017. Plaintiff filed her claim for disability benefits on September 1, 2016; the new Regulation, 20 C.F.R. § 404.1520c, does not apply to this claim. The Third Circuit's "treating physician rule" does apply to this

2

claim.

What stands out in this case is that Plaintiff presented evidence of the opinions of her treating physicians, and other treating sources, and these sources uniformly agreed that Plaintiff is unable to work. The ALJ, however, gave little weight to these opinions and relied on the opinion of one agency reviewer, someone who had never examined Plaintiff, to support the RFC determination. The Court has two questions to consider: 1) does this constitute substantial evidence; and 2) does Third Circuit law allow this?

At the outset, the Court observes that the Commissioner made an unwitting concession in the opposition brief. By way of introduction, the opposition brief summarized the case as follows:

> As the ALJ explained, despite claiming disability, just less than a year from back surgery and the start of the relevant period, Plaintiff represented in her function report that her "conditions do not adversely affect her ability to talk, hear, see, remember, concentrate, understand, use her hands, follow instructions, and get along with others" (Tr. 14, referring to Tr. 371). Consistent with Plaintiffs statements, the ALJ noted that a lumbar MRI dated October 23, 2019 failed to reveal significant epidural fibrosis or recurrent disc herniation at the site of the prior back surgery (Tr. 14, referring to Tr. 579). Simply put, the ALJ relied on the two most important factual details in the record when denying benefits.

(Def.'s Opp. Br. at 1.) This is the Commissioner's summary of the case, and it says that the two most important pieces of evidence in the case are a self-report from Plaintiff and a 2019 lumbar MRI. As to the self-report, the Commissioner cited the function report Plaintiff completed on September 15, 2016. (Tr. 371.) The ALJ and Commissioner have correctly represented the claimant's statements about the capacities without functional limitations, but omitted all of what Plaintiff stated she had difficulty with, such as walking, bending, sitting, reaching, kneeling, lifting, etc. (Tr. 371-374.)

3

As to the lumbar MRI dated October 23, 2019, however, the Court inquires how the ALJ relied on the "factual details" of that MRI. The ALJ offered a very technical description of the findings from the MRI, but made no statements about the functional implications of the results. (Tr. 15.) The ALJ cited the MRI examination report in the record at Exhibit 13F which, similarly, appears to provide many technical details of what the MRI found, but no clear statements about the functional implications of the results. (Tr. 578-79.) How, then, did the ALJ rely on these lumbar MRI results to make inferences about Plaintiff's functional capacities? The ALJ states that he relied on the opinion of agency reviewer "Dr. Udomsaph (Exhibit 4A)." (Tr. 16.) The record shows that Dr. Udomsaph completed the evaluation on April 5, 2017. (Tr. 124.) Thus, Dr. Udomsaph could not have viewed the results of the lumbar MRI dated October 23, 2019.

The ALJ discounted every other medical opinion, along with the opinion of the treating chiropractor. How, then, did the ALJ make use of the results of the lumbar MRI dated October 23, 2019? The ALJ's decision does not say. The opposition brief does not explain, either. If the ALJ relied on the results of that lumbar MRI, as the Commissioner asserts on page 1 of the opposition brief, there is no alternative to the inference that he made lay inferences from a medical report, which is prohibited under Third Circuit law, no matter when the claim was filed. "[A]n ALJ may not make speculative inferences from medical reports." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999); see also Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence.") The Third Circuit has stated:

4

> In other words, shorn of its rhetoric, the ALJ's conclusion that appellant is capable of engaging in sedentary activity is merely a function of the ALJ's own medical judgment. As such, his conclusion may not be permitted to stand, for we have pointed out time and again that these kinds of judgments are not within the ambit of the ALJ's expertise.

Kent v. Schweiker, 710 F.2d 110, 115 (3d Cir. 1983) (emphasis added). If, as the Commissioner argued in opposition, the ALJ relied on the 2019 lumbar MRI as one of "the two most important factual details in the record," he used his own lay medical judgment to divine its functional implications. (Def.'s Opp. Br. at 1.)

> Under the Regulations, "light work" involves:
>
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The Court inquires: what evidence supports the inference that Plaintiff retains the residual functional capacity to perform "a good deal of walking or standing"? The short answer is that the Court does not know because the ALJ's decision does not say; it does not directly address the question of Plaintiff's ability to walk or stand. Nor does the Commissioner's opposition brief address this issue. The Commissioner's opposition brief contains a section devoted to the argument that the RFC determination is supported by substantial evidence. (Def.'s Opp. Br. at 11-14.) The section that follows points out only the two pieces of evidence already discussed – the self-report and the 2019 lumbar MRI results.

5

Because the self-report says that Plaintiff's walking and standing are limited, and the 2019 lumbar MRI results state no functional implications, and the Commissioner cites no report from a physician that interprets the functional implications of the 2019 lumbar MRI results, the Court finds that the determination that Plaintiff retains the functional capacity to perform the walking and standing requirements of light work is not supported by substantial evidence. Instead, it is supported by no evidence, since, under Third Circuit law, the ALJ may not rely on his own lay medical opinion about the functional implications of MRI results.

The Court has reached the conclusion that the RFC determination is not supported by substantial evidence without yet having discussed the treating physician rule. In a nutshell, the ALJ's discussion of the medical evidence at step four stated that: 1) treating physician Dr. Hughes had opined that Plaintiff's "walking capacity is limited to 15 to 20 minutes due to pain" (Tr. 16); 2) treating physician Dr. Metzger opined that Plaintiff was limited to performing activities for 20 minutes at a time (Tr. 16); 3) treating physician Dr. Li opined that Plaintiff was totally disabled (Tr. 17); and 4) treating chiropractor[1] Dr. Loihle opined that Plaintiff can only sit or stand for 30 minutes at a time. In short, all of the treating sources expressed opinions that Plaintiff's ability to walk or stand was very significantly limited.

The Third Circuit has stated:

> this Court has consistently held that it is improper for an ALJ to credit the
> testimony of a consulting physician who has not examined the claimant when

---

[1] Pursuant to SSR 6-03p, a chiropractor is not an "acceptable medical source," but is, nonetheless, an "other source" that should be considered:

> Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

6

such testimony conflicts with testimony of the claimant's treating physician. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 357 (3d Cir. 2008). In the instant case, the ALJ did exactly that: he credited the opinion of a non-examining physician which conflicted with the opinions of a number of treating physicians. The ALJ violated the holding of the Third Circuit in Brownawell and, indeed, the ALJ's reasoning appears reminiscent of the facts of Brownawell:

> The ALJ's rejection of [consultative examiner] Dr. Picciotto's opinion that Brownawell has no ability to deal with work stresses and maintain concentration in a work environment was improperly based on an alleged inconsistency between Picciotto's treatment notes and his ultimate evaluation. [Agency reviewer] Dr. Rightmyer's assessment, which was the only one adopted unreservedly by the ALJ, should not have carried such great weight, especially when compared to the opinion of Dr. Grem, Brownawell's longtime treating physician.

Id. In the instant case, agency reviewer Dr. Udomsaph provided the only medical opinion that the ALJ adopted without reservation. Under Brownawell, it "should not have carried such great weight" when compared to the opinions of three treating physicians and one treating chiropractor. Id.

For these reasons, this Court finds that the Commissioner's decision violates Third Circuit law and is not supported by substantial evidence. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: July 22, 2025

7